[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PETITION FOR HABEAS CORPUS
The petitioner, James Hanton, instituted the present Habeas Corpus petition asserting that his confinement was illegal because the defendant refused to provide medical attention for a back injury received by the petitioner while an inmate at Bridgeport Correctional Center. Specifically, the petitioner sought an order directing directing that he receive medical attention by someone of neutral standing. The petitioner subsequently filed an amended petition asserting that the defendant was guilty of deliberate indifference to the petitioner's medical condition and that the actions of the defendant constitute cruel and unusual punishment.
A status conference was held with respect to the matters raised in the petition on July 18, 1997 before Stevens, J. At that time Judge Stevens continued the matter for a further status conference in September 1997 and ordered the State to provide an updated medical report on the status and treatment of the petitioner's medical complaints, and ordered the examining physician to review the petitioner's medical files and make inquiry or examination about all of the complaints reflected in the records and/or raised by the petitioner. The petition came before the undersigned for hearing on December 8, 1997.
The court has reviewed the medical records from the Department of Correction as well as the medical records from the John Dempsey Hospital in Farmington, Connecticut. The defendant also produced testimony of Doctor Blanchette, a board certified physician in both infectious diseases and internal medicine, who is hospital clinical director and acting director medical director of the Connecticut Department of Corrections. Dr. Blanchette testified that he reviewed all the medical records relating to the plaintiff and also examined the plaintiff. At CT Page 13179 various times the plaintiff received treatment within the Department of Corrections which included medication such as naprotoxen and motrin. He has periodic examinations by physicians for various injuries or conditions claimed by the petitioner. The petitioner does have a prior condition of the knee involving prior surgeries which at the time of Dr. Blanchette's examination was not giving the plaintiff any problem and the doctor indicated that it would not be unusual to expect a flare up periodically.
The plaintiff also under went nerve conduction studies at the hospital and read as normal. The plaintiff has also undergone evaluations for claimed headaches, memory loss and blackouts and as well as numbness in the left arm.
Doctor Blanchette also testified, which the court credits, that upon his review of the records and upon his examination of the petitioner no further diagnostic studies are warranted at the present time. The doctor did however testified that if the physical conditions change there would also be revaluation of that position. With respect to the back injury the doctor testified that conservative treatment was appropriate and he found no objective signs of injury.
The court finds that the Department of Corrections has not refused treatment of the plaintiff's condition and that there is no basis for any claims that the department is deliberately indifferent to the petitioner's medical claims nor has it resulted in any cruel and unusual punishment of the petitioner.
Accordingly the petitioner Habeas Corpus is hereby denied.
Rush, Judge